NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0431-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STEPHANIE MARTINEZ
a/k/a STEPHANINE G.
MARTINEZ,

     Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION
> AS REDACTED**
>
> **January 23, 2025**
>
> **APPELLATE DIVISION**

Argued December 9, 2024 – Decided January 23, 2025

Before Judges Sabatino, Gummer, and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 22-02-0395.

Margaret McLane, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Margaret McLane, of counsel and on the briefs).

Matthew E. Hanley, Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Essex County Prosecutor, attorney; Matthew E. Hanley, of counsel and on the brief).

The opinion of the court was delivered by

JACOBS, J.S.C. (temporarily assigned)

Defendant Stephanie Martinez appeals her convictions following a jury trial for passion/provocation manslaughter, weapons offenses, theft, and fraudulent use of a credit card. The central issue is whether the jury charge and verdict sheet should have provided for self-defense to serve as a complete justification to homicide rather than piecemeal to murder and each of the lesser-included charges considered by the jury. Because our law requires that self-defense, once found by a jury, serves as a complete defense to all categories of homicide, we reverse defendant's conviction for passion/provocation manslaughter and weapons offenses and remand the remaining convictions for resentencing consistent with our opinion.

For reasons elaborated in the published portion of this opinion, we reverse defendant's conviction for passion/provocation manslaughter and weapons offenses. In the unpublished portion of this opinion, we address defendant's arguments regarding other aspects of the trial that are largely rendered moot, affirmed, or remanded for resentencing.

I.

On February 16, 2022, an Essex County grand jury returned Indictment No. 22-02-395, charging defendant with first-degree murder, N.J.S.A. 2C:11-

3(a)(1), (2) (count one); first-degree felony murder in the course of a robbery, N.J.S.A 2C:11-3(a)(3) (count two); first-degree robbery, N.J.S.A. 2C:15-1 (count three); first-degree kidnapping, N.J.S.A. 2C: 13-1(b)(1) (count four); third-degree theft of movable property (motor vehicle), N.J.S.A. 2C:20-3(a) (count five); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (counts six (a crowbar) and eight (a sharp object)); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (counts seven and nine); fourth-degree credit card theft, N.J.S.A. 2C:21-6(c)(1) (count ten); and third-degree fraudulent use of a credit card, N.J.S.A. 2C:21-6(h) (count 11).

All charges relate to the homicide of Raul Rios and events that began on September 28, 2021, extending into the early morning hours of the following day. The pertinent facts and procedural history are summarized from the record. Trial was held in April 2023, concluding with defendant's acquittal of murder, felony murder, robbery, and kidnapping. Defendant was convicted of passion/provocation manslaughter as a lesser-included offense of murder, theft of movable property, credit card theft, weapons offenses, and fraudulent use of a credit card.

In July 2023, the trial court sentenced defendant to seven years imprisonment, 85% without parole pursuant to the No Early Release Act

3

(NERA), N.J.S.A. 2C:43-7.2, for the passion/provocation manslaughter conviction. Concurrent to that term, the trial court imposed a sentence of five years for the motor vehicle theft conviction; eighteen months for each of the unlawful possession convictions; eighteen months for the conviction of credit card theft; and three years for fraudulent use of a credit card. The court merged each of the possession of a weapon for unlawful purpose convictions with the passion/provocation manslaughter conviction.

At trial, defendant testified she had known Rios for approximately six years. They were never romantically involved, though Rios expressed interest in dating about two years before the incident. Defendant consistently declined Rios's advances, stating she was not interested in a romantic relationship. Undeterred, Rios was persistent and began showing up unannounced at defendant's home to pursue her. On the night in question, defendant claimed that Rios, intoxicated on cocaine, PCP, and alcohol, threatened to kill her and then himself, wanting to have sex with her in his vehicle before their mutual demise. During the sexual assault and allegedly in fear for her life, defendant stabbed Rios several times in the neck with a knife, severing his jugular vein. Then, in a purported effort to calm herself, defendant drove to a local store in Rios's vehicle and used Rios's credit card to buy cigarettes and a cup of coffee.

Following the stabbing and perhaps when he was already deceased,

Rios's arm twitched.  Contending she was startled by this movement, defendant struck Rios two or three times with a crowbar.  Video footage depicted defendant removing Rios's lifeless body from his vehicle.  Defendant then drove away, leaving Rios's body in the parking lot of another store.

Central to this appeal is the jury charge and verdict sheet.  The verdict sheet listed four categories of homicide:  murder, passion/provocation manslaughter, aggravated manslaughter, and reckless manslaughter.  As to each category of homicide, the jury was separately asked, "Did the State disprove, beyond a reasonable doubt, the applicability of self-defense as to [each category of homicide]?"  After answering the first self-defense inquiry in the negative and thereby acquitting defendant of murder, the jury was next directed by the verdict sheet to consider an identically worded inquiry pertaining to passion/provocation manslaughter.  For that offense, the jurors determined that the State had disproved, beyond a reasonable doubt, the applicability of self-defense and found defendant guilty.  Having reached a verdict on passion/provocation manslaughter, the verdict sheet directed the jurors to bypass consideration of aggravated manslaughter and reckless manslaughter and proceed directly to felony murder, for which defendant was acquitted.  Thereafter, the jurors considered the remaining charges, returning the verdicts referenced above.

II.

Defendant now appeals, arguing that the jury's finding of self-defense as to murder amounts to an acquittal on all homicide charges, including the passion/provocation charge for which she was found guilty. The State argues the jury's verdicts, while inconsistent, should be affirmed.

Besides this first and most salient issue, defendant advances six additional arguments, including three not raised at the trial level.

POINT I

THE PASSION/PROVOCATION MANSLAUGHTER CONVICTION MUST BE VACATED AND A JUDGMENT OF ACQUITTAL ENTERED BECAUSE THE JURY FOUND THAT THE STATE DID NOT DISPROVE SELF-DEFENSE. (Not Raised Below)

POINT II

THE COURT ERRED IN REFUSING TO INSTRUCT ON THE REQUESTED RELATED OFFENSE OF AGGRAVATED ASSAULT.

POINT III

DEFENDANT'S CONVICTIONS MUST BE REVERSED BECAUSE THE MEDICAL EXAMINER'S TESTIMONY IMPROPERLY EXCEEDED THE SCOPE OF HIS EXPERTISE.

POINT IV

THE COURT ERRED IN FAILING TO INSTRUCT THE JURY ON HOW TO CONSIDER

6

DEFENDANT'S FAILURE TO REPORT HER SEXUAL ASSAULT. (Not Raised Below)

POINT V

THE FAILURE TO INSTRUCT THE JURY THAT SELF-DEFENSE APPLIED TO THE WEAPONS-POSSESSION CHARGES REQUIRES REVERSAL OF THESE CONVICTIONS. (Not Raised Below)

A. The Court Erred In Failing To Instruct The Jury On Possession Of The Knife In Self-Defense.

B. The Court Erred In Failing To Instruct The Jury That Defendant Could Lawfully Possess The Crowbar In Public For Self-Protection.

POINT VI

THE THEFT CONVICTION MUST BE REVERSED BECAUSE THE JURY DID NOT SPECIFY THE AMOUNT STOLEN. (Not Raised Below)

POINT VII

MULTIPLE SENTENCING ERRORS RENDER DEFENDANT'S SENTENCE EXCESSIVE.

A.

The Jury Charge, Verdict Sheet and Inconsistent Verdicts

First, we consider facially inconsistent verdicts due to the jury's finding that self-defense was established as to murder but not passion/provocation manslaughter. Generally speaking, inconsistent verdicts are not disturbed, and

the appellate court determines only "whether the evidence in the record was sufficient to support a conviction on any count on which the jury found the defendant guilty." State v. Goodwin, 224 N.J. 102, 116 (2016) (quoting State v. Muhammad, 182 N.J. 551, 578 (2005)); see also State v. Banko, 182 N.J. 44, 54 (2004). Where there is sufficient evidence to support a particular verdict, it is preserved, even if inconsistent with verdicts on other counts in a given indictment. Here, however, the inconsistency is untenable because reconciliation would violate a countervailing precept in our jurisprudence that "[s]elf-defense is a complete defense to homicide." State v. Macchia, 253 N.J. 232, 252 (2023).

For a claim of self-defense to prevail under these circumstances, a jury must find that the defendant had an honest and reasonable belief that deadly force was necessary to protect herself from serious bodily harm or death, and that defendant did not provoke the attacker. N.J.S.A. 2C:3-4(a) and (b)(2)(a); State v. Kelly, 97 N.J. 178, 197 (1984). Whether the defendant's belief was reasonable is measured by what the jury, not the defendant, considers reasonable under an objective standard. State v. Handy, 215 N.J. 334, 356-57 (2013). Clear and correct jury instructions are essential to a defendant's right to a fair trial. State v. Rodriguez, 195 N.J. 165, 175 (2008). Certain jury instructions are so crucial to a jury's deliberations that error is presumed to be

reversible. State v. McKinney, 233 N.J. 475, 495 (2015); State v. Jordan, 147 N.J. 409, 422 (1997). The instructions must plainly spell out how the jury should apply the law to the facts of the case. State v. Concepcion, 111 N.J. 373, 379 (1988). Our courts have long held that it is plain error for the trial court to fail to instruct the jury that in all instances of homicide self-defense is a complete justification for murder as well as manslaughter offenses. State v. O'Neil, 219 N.J. 598, 601 (2014). "[A] person who acts in self-defense and 'kills in the honest and reasonable belief that the protection of his own life requires the use of deadly force' cannot be convicted of murder, aggravated manslaughter, or manslaughter." Ibid. (quoting State v. Rodriguez, 195 N.J. 165, 172-74 (2008)).

Here, the trial court charged the jury that:

> The State has the burden to disprove beyond a reasonable doubt the defense of self-defense. If the State carries its burden, then you must allow the defense [sic]. If the defense [sic] does not [] satisfy this burden, then you must find the defendant not guilty of murder and passion provocation manslaughter and go on to consider whether defendant should be convicted of the crimes of aggravated or reckless manslaughter.

This charge misstates the law. Instead, the jury charge should have instructed that if the jury were to find the State failed to disprove self-defense beyond a reasonable doubt as to any of the homicide offenses, then the jury should so

A-0431-23

designate and, accordingly, find defendant not guilty of all homicide offenses. The jury would then move on to consider the remaining charges, with the exception of the weapons offenses, since those counts are inextricably linked to each other and the homicide offenses. Because this fundamental precept was not conveyed in the jury charge or verdict sheet, the jury invalidly found defendant to have met the self-defense test for murder but not passion/provocation manslaughter. Based on those incompatible findings, we are compelled to reverse defendant's conviction for passion/provocation manslaughter.

The Model Criminal Jury Charges do not include a sample jury verdict sheet for this relatively common scenario, nor any helpful commentary to guide judges and counsel. In this appeal, we reiterate that when self-defense is established as to one category of homicide, it applies to all other categories of homicide charged or otherwise permitted for consideration as lesser-included offenses. Thus, to ensure trial courts properly implement this precept and in the interests of justice, we recommend that the Model Criminal Jury Charge Committee consider creating a verdict sheet template consistent with our case law for use in all cases where self-defense is considered for more than one category of homicide.

A-0431-23

We reverse defendant's conviction for passion/provocation manslaughter. Defendant's remaining points on appeal are addressed in the unpublished portion of this opinion.

> **[At the direction of the court, the published version of this opinion omits Part II B., C., D., E., which address declining to charge aggravated assault, the applicability of self-defense to the weapons charges, the value of Rios's vehicle as it relates to the theft charge, and a review of the sentence imposed, respectively, and Part III. R. 1:36-3.]**

Reversed in part, affirmed in part, and remanded for resentencing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0431-23